[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES OF DEFENDANT GREGORY DURKIN
The plaintiff, Kelly Durkin, has moved to strike the first, fourth, fifth and tenth special defenses filed by defendant Gregory Durkin on the ground that "they allege mere conclusions of law without any supporting facts and should have been raised in a Motion to Strike."
Failure to plead in the proper form should be raised by a request to revise. Practice Book § 10-35.
With regard to the fourth special defense, the plaintiff correctly observes that the material pleaded need not have been pleaded as a special defense pursuant to Practice Book § 10-50. The mispleading does not, as the plaintiff bizarrely suggests, entitle the plaintiff to a ruling on the merits of the legal issue asserted.
The plaintiff claims that the legal issues raised in defendant Gregory Durkin's fifth and tenth special defenses must be stricken because they should have been raised by a motion to strike the complaint, not asserted as special defenses. Failure to raise a legal issue in a motion to strike the complaint does not, as the plaintiff advocates, constitute a waiver of the doctrine that could have been so raised. Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525 (1988). A party is free to forego the filing of a motion to strike and assert legal doctrines at trial as reasons for denying the relief sought. Practice Book § 10-39
provides that a party "may" file a motion to strike, not that to do so is mandatory or that it is the exclusive way of challenging an opponent's legal position. A motion to strike contests the legal sufficiency of a pleading, not the order of pleading. Practice Book § 10-39. The CT Page 5537 plaintiff has not identified any grounds for finding the substance of the challenged special defenses insufficient; rather, his entire argument is that the legal positions asserted in them should have been raised in another manner.
The motion to strike the special defenses is denied. This denial does not constitute a ruling on the validity of the legal positions asserted therein.
Beverly J. Hodgson Judge of the Superior Court